JD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — — — — — X

UNITED STATES OF AMERICA

- against -

RAMSEY ORTA,

Defendant.

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR AN
ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

20-MJ-864

— — — — — — — — — — — — — — — — — X

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL MCCARTHY, being duly sworn, deposes and states that he is a
Detective with the New York City Police Department ("NYPD"), duly appointed according
to law and acting as such.

Upon information and belief, on or about September 23, 2020, within the
Eastern District of New York, the defendant RAMSEY ORTA, knowing that he had
previously been convicted in a court of one or more crimes punishable by a term of
imprisonment exceeding one year, did knowingly and intentionally possess in and affecting
commerce a firearm, to wit: a Smith & Wesson M&P 9mm caliber pistol bearing serial
number DXS4130.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for his belief are as follows:[1]

1.       I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses.  I am currently assigned to the Triggerlock Unit.  I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel.  Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.       On or about September 23, 2020, at approximately 00:50 a.m., Sergeant -1, Officer-1 and Officer-2[2] of the NYPD were on uniformed patrol in an unmarked police car near the intersection of South Second Street and Roebling Street in Brooklyn, New York.  As they approached the intersection of South Second Street and Roebling Street, Sergeant-1, Officer-1 and Officer-2 observed a blue BMW sedan (the "Vehicle") pull into traffic in front of their police vehicle.  The Vehicle had excessively tinted windows on all four passenger windows, in violation of the New York State Vehicle and Traffic Law. ("VTL").

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Sergeant-1, Officer-1 and Officer-2 for ease of reference.  The identities of each of these individuals are known to the affiant, and I have interviewed Sergeant-1, Officer-1 and Officer-2 about the events set forth herein and reviewed the Body Work Camera footage ("BWC") of the officers.

3.      As the Officers followed the Vehicle, they observed it double park near a fire hydrant, blocking it.  The Officers approached the Vehicle and smelled a strong odor of marijuana emanating from the open windows of the Vehicle.  Sergeant-1 approached the front passenger window of the Vehicle and observed the front seat passenger with loose marijuana in his lap, which the passenger attempted to hide under the seat.  A burned marijuana cigarette was also visible in the center console of the Vehicle.

4.      Officer-1 and Officer-2 looked inside the Vehicle and saw the defendant, RAMSEY ORTA ("ORTA"), seated in the driver's seat of the Vehicle.  ORTA was asked to turn off the vehicle, which he did, using his left hand and while clutching his waist with his right hand.  ORTA was asked to step out of the Vehicle while a search for marijuana was conducted.

Officer-1 escorted ORTA out of the vehicle, while ORTA repeatedly stated that he did not consent to being searched, despite the fact that the marijuana was in open view in the passenger compartment of the car.  From the defendant's waistband, Officer-1 recovered a a Smith & Wesson M&P 9mm caliber pistol bearing serial number DXS4130, loaded with 12 rounds of ammunition.

5.      Based on my discussions with an interstate nexus expert from ATF, I know that the Firearm was manufactured outside the State of New York.

6.      I have also reviewed the defendant's criminal history records and have determined that, on or about October 3, 2016, in the Supreme Court of the State of New York, Richmond County, the defendant was convicted of Criminal Sale of a Controlled Substance in the Third degree, in violation of New York Penal Law § 220.39, a felony punishable by a term of imprisonment of more than one year.  On or about July 7, 2016, in

the Supreme Court of the State of New York, Richmond County, the defendant was

convicted of Criminal Possession of a Weapon in the Third degree, in violation of New York

Penal Law § 265.02, a felony punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that an arrest warrant be

issued for the defendant RAMSEY ORTA so that he may be dealt with according to law.

MICHAEL MCCARTHY
Detective
New York City Police Department

Sworn to before me by telephone this
23rd day of September, 2020

/s Roanne L. Mann
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK