

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  |  |
|  | *United States Attorney* |
|  | *Eastern District of New York* |
| JD | *271 Cadman Plaza East* |
| F. #2020R00909 | *Brooklyn, New York 11201* |

September 3, 2024

<u>By ECF</u>

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Ramsey Orta
                  <u>Criminal Docket No. 20-429 (AMD)</u>

Dear Judge Donnelly:

        The government respectfully submits this sentencing memorandum in advance of the defendant Ramsey Orta's sentencing, which is scheduled for September 9, 2024, at 12:30 p.m. For the reasons set forth below, the government respectfully requests that the Court impose a sentence within the United States Sentencing Guidelines ("Guidelines") range of 30 to 37 months' imprisonment.

        I.    <u>Background</u>

        A.  <u>Offense Conduct</u>

        The defendant's conduct is explained in the Probation Department's Presentence Investigation Report, dated June 11, 2024 ("PSR"). In short, the defendant—a convicted felon—unlawfully possessed a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (PSR ¶ 1).

        In 2015, the defendant was convicted in the Richmond County Supreme Court of criminal sale of a controlled substance in the third degree. (<u>Id.</u> ¶ 35). He was sentenced to four years in jail. (<u>Id.</u> ¶ 35). It was therefore unlawful for the defendant to possess any firearm or ammunition. <u>See</u> 18 U.S.C. § 922(g)(1).

        On September 23, 2020, New York City Police Department ("NYPD") officers, while patrolling around South Second Street and Roebling Street in Brooklyn, New York, observed the defendant operating a vehicle with excessive window tinting.

(PSR ¶ 12). The NYPD officers observed the blue BMW pull into traffic in front of their unmarked vehicle and then double park, blocking a fire hydrant. Observing these violations of the New York State Vehicle and Traffic law, the officers initiated a traffic stop on the defendant's vehicle, during which time they noticed a strong odor of marijuana emanating from the vehicle. (Id.) The NYPD officers observed loose marijuana in the lap of the front seat passenger and a burned marijuana cigarette in the center console of the vehicle. The NYPD officers spoke to the defendant, instructing him to turn off the vehicle and step out of it. The defendant, who was in the driver's seat, turned off the ignition with his left hand, reaching over the steering column, while grasping the right side of his waist. (Id.). As the officers subsequently instructed the defendant to exit the vehicle, he repeatedly stated that he did not consent to a search of his person or the vehicle. (Id.).

The officers subsequently frisked the defendant, at which point they recovered from the right side of his waistband a loaded Smith & Wesson model M&P, 9mm caliber semi-automatic pistol loaded with 12 rounds of ammunition. (Id.). The defendant was then placed under arrest, and later produced to federal court on the instant offense (Id. ¶13), which charged him with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). He was later released from custody on a $50,000 unsecured, co-signed bond with conditions, including Pretrial Services supervision.

    B. <u>Defendant's Criminal History</u>

On October 20, 2010, the defendant, age 18, was convicted of having repeatedly acted in a manner injurious to a child of 12, a Class A Misdemeanor. The defendant was convicted of that offense in Richmond County Criminal Court and was sentenced to four months' and an order of protection. (PSR ¶ 27).

On July 17, 2010, the defendant, age 18, was arrested after he was observed on video surveillance entering the victim's storefront after a window gate had been broken; the store was subsequently found to be missing 3 laptops, $7,000 in currency and cufflinks. (PSR ¶ 28). The defendant was convicted in the New York County Supreme Court of burglary in the second degree, a felony, and was sentenced to 5 years' probation. (Id.). On January 10, 2012, the defendant was found to be in violation of probation and re-sentenced to one year in jail.

On October 18, 2011, the defendant, age 20, was arrested after he was found operating a motor vehicle without the owner's consent. (PSR ¶ 31). The defendant was convicted in the Richmond County Supreme Court of criminal possession of stolen property in the 4th degree, a felony, and was sentenced to 90 days jail. (Id.)

On November 12, 2011, the defendant, age 20, was charged with attempted criminal sale of a controlled substance in the third degree, a felony. The defendant was convicted of that offense in Richmond County Supreme Court and was sentenced to six months in jail. (PSR ¶ 32).

On June 15, 2013, the defendant, age 21, was arrested after he was accused of being in possession of a firearm and threatening to kill and individual and her family. (PSR ¶ 33). The defendant was convicted in the Richmond County Criminal Court of menacing in the 3rd degree, a misdemeanor, and was sentenced to a conditional discharge and an order of protection in favor of the complainant. (Id.)

On August 2, 2014, the defendant, age 22, was charged with criminal possession of a weapon in the third degree, (firearm) as a felony. The defendant was convicted of that offense in Richmond County Supreme Court and was sentenced to 2-4 years in jail. (PSR ¶ 34).

On February 10, 2015, the defendant, age 23, was charged with criminal sale of a controlled substance in the third degree, a felony. As described above, the defendant was convicted of that offense in Richmond County Supreme Court and was sentenced to four years in jail. (PSR ¶ 35).

C.  Defendant's Post-Arrest Violations

As detailed in the PSR, after his arrest for the offense in this case, the defendant was released on bond with conditions on September 28, 2020. Following his release, the defendant was charged with numerous PTS violations, which included: domestic disputes, positive drug testing, curfew violations, residency and reporting requirement failures, failures to engage adequately in court ordered treatment programs and domestic threat allegations. (See, generally, PSR ¶ 2-9).

On January 29, 2023, the defendant, age 31, was arrested and charged with domestic assault upon another individual, a woman who sustained a broken nose and eye socket as a result of being struck by the defendant. He was subsequently convicted in the Kings County Supreme Court of assault in the 3rd degree and sentenced on January 24, 2024, to 364 days' imprisonment. (PSR ¶¶ 9, 36).

On June 9, 2023, the defendant, age 31, was arrested and charged with criminal possession of a loaded firearm in the 2nd degree and criminal possession of a controlled substance with intent to sell in the 3rd degree, as felonies. The defendant was observed operating a blue BMW with no front license plate. After a chase in which the defendant struck another vehicle, the BMW was stopped by police; subsequently the defendant was found to be in possession of a loaded firearm, 40 decks of heroin and four grams of cocaine. This offense occurred while the defendant was on pre-trial release in the instant case. The case is indicted and pending in Kings County Supreme Court. (PSR ¶¶ 10, 41).

Guidelines Calculation

As explained in the PSR, the defendant has a Guidelines range of 30 to 37 months' imprisonment.  This range is based on a criminal history category of VI and an offense level of 12.  The offense level is calculated below:

| | |
|---|---:|
| Base Offense Level (U.S.S.G. § 2K2.1) | 14 |
| Less:   Acceptance of Responsibility (U.S.S.G. §§ 3E1.1(a))[1] | -2 |
| Total: | 12 |

### II.     A Guidelines Sentence is Appropriate

The government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.  In determining a sentence, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a).  As relevant here, those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; deterrence; and protection of the public from further crimes of the defendant.  Id. §§ 3553(a).  Each of these factors weighs in favor of a Guidelines sentence.

Here, the Guidelines range appropriately reflects the nature of the offense and the history and characteristics of the defendant.  The defendant possessed a firearm in a moving motor vehicle on the streets of Brooklyn, and his criminal history includes prior offenses involving firearms; indeed his pending case in Kings County Supreme Court involves the possession of a loaded firearm and narcotics in a motor vehicle on the streets of Brooklyn.  These are serious offenses.  Furthermore, a Guidelines sentence is necessary to promote respect for the law and deter the defendant from committing such crimes again.  Additionally, the term of incarceration will protect the public from further crimes of the defendant.

---

[1] The government intends to move for a two-point reduction for the defendant's timely acceptance of responsibility, prior to suppression hearings or trial.

4

   III. <u>Conclusion</u>

  For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the range of 30 to 37 months' imprisonment.

             Respectfully submitted,

             BREON PEACE
             United States Attorney

      By:  /s/ Jack Dennehy
          Jack Dennehy
          Assistant U.S. Attorney
          (718) 254-6133


cc: Clerk of the Court (AMD) (by ECF)
   Deirdre von Dornum, Esq. (Counsel to the defendant) (by ECF and e-mail)
   Ashtin Audain, United States Probation Officer (by e-mail)